THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAINIER BEACH DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY,<br><br>Defendant. | CASE NO. C16-0822-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant King County's unopposed motion to compel (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiffs allege that Defendant unjustifiably delayed and withheld approvals and permits for residential real property Plaintiffs are developing at South 115th Place in Seattle. (Dkt. No. 1-2 at 5–7.) Trial is currently scheduled to begin on March 12, 2018, with discovery to be completed by November 13, 2017. (Dkt. No. 18.)

Defendant served interrogatories and a request for production of documents to Plaintiffs on February 1, 2017. (Dkt. No. 37-1 at 27). Plaintiff provided partial responses on May 10, 2017. (*Id.* at 28.) Defendant served a second request for production on April 13, 2017. (Dkt. No. 37-2 at 8.) Plaintiffs have yet to respond in writing to this second request. (Dkt. No. 37 at 2.)

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL
C16-0822-JCC
PAGE - 1

Informally, Plaintiffs indicated that some of the information responsive to Defendants' request is located on a computer for which Plaintiffs needed to find the security key. (*Id.*) On August 16, 2017, the Court dismissed with prejudice all of Plaintiff's claims to the extent they relate to Defendant's actions occurring prior to March 10, 2013 or May 9, 2013 (depending on whether a 60-day extension to the statute of limitations period applies to Plaintiffs' tort claims). (Dkt. No. 34 at 9.) Two days later, Defendant requested that Plaintiff supplement their partial response to Defendant's first interrogatories and request for production to distinguish between events taking place before and after March 10, 2013. (Dkt. No. 37-2 at 2.) Plaintiffs have yet to respond.

Defendant now moves to compel Plaintiffs to: (a) fully respond to Defendant's second request for production; (b) provide detailed narrative responses describing each incident of Defendant's wrongdoing occurring after March 10, 2013 on which Plaintiffs base their claims, and to produce related documents concerning those incidents; and (c) produce the computer and/or relevant documents contained on the computer that Plaintiff earlier referenced in informal communications with Defendant. (Dkt. No. 36 at 6.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting it objections. *Butler v. State Farm Mut. Automobile Ins. Co.*, Case No. C14-1653-JCC, Dkt. No. 51 at *2 (W.D. Wash. 2015). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Plaintiffs have repeatedly ignored Defendant's requests to produce discovery. Further, Defendant's most recent request that Plaintiffs distinguish between actionable events occurring

before and after March 10, 2013 is reasonable in light of the Court's ruling on the applicable statute of limitations.

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 36) is GRANTED. Plaintiffs must produce the following within 21 days: (1) discovery responsive to Defendant's second request for production dated April 13, 2017; (2) detailed narrative responses describing each incident of alleged wrongdoing by Defendants after March 10, 2013 on which Plaintiffs are basing their claims, along with any documents in their possession concerning these incidents; and (3) responsive documents located on the computer for which Plaintiffs need to find the security key. The discovery period is extended beyond November 13, 2017, but only as needed to comply with this order and not to exceed 21 days from the date of the order.

DATED this 2nd day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE