THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAINIER BEACH DEVELOPMENT COMPANY, LLC, a Washington limited liability company; EXCEL HOMES, INC., a Washington corporation; and JAVIER LUNA and DONALD ALLEN, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington,<br><br>Defendant. | CASE NO. C16-0822-JCC<br><br>ORDER |

This matter comes before the Court on Defendant King County's ("the County") second motion for summary judgment (Dkt. No. 44). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part the motion and REMANDS remaining state claims for the reasons explained herein.

**I.    BACKGROUND**

The Court has described this case in detail in its order on the County's prior motion for summary judgment (Dkt. No. 34) and will provide only a brief summary here.

In late 2009, Plaintiff Rainier Beach Development Company, LLC ("RBDC") purchased a development property ("the Property") consisting of four lots with partially completed houses

and two vacant lots. (Dkt. No. 57 at 2.) In the course of the project, Plaintiffs later obtained an adjacent property, Lot B. (*Id.* at 3.) Before making the initial purchase, Plaintiffs received assurances from John Kane, a then employee of King County's Department of Permitting and Environmental Review ("DPER"), that if they paid fees owed by the prior developer on the project and complied with certain "easy-to-meet requirements," they would be "'grandfathered in' as [the prior developer]" and obtain relevant permits in 90 days. (*Id.* at 2.) However, that timeline was not met and Plaintiffs assert that the County has since prevented completion of the project by treating them unfairly and discriminatorily. (*See* Dkt. No. 1-2 at 5.)

On May 9, 2016, Plaintiffs sued the County in King County Superior Court. (Dkt. No. 1-2 at 7–10.) The County removed the case to this Court under 28 U.S.C. section 1441(c) on the grounds that Plaintiffs' complaint includes claims arising under federal law. (Dkt. No. 1.) On August 16, 2017, this Court partially granted the County's motion for summary judgment, dismissing with prejudice Plaintiffs' claims premised on County conduct preceding March 10, 2013 or May 9, 2013 (depending on whether the 60-day period for tort claims applies) as time barred. (Dkt. No. 43 at 9.) The County now moves for summary judgment on Plaintiffs' claims based on post-2013 actions. (Dkt. No. 44.)

Plaintiffs describe the following post-2013 misconduct.[1] The County lost Plaintiffs' submissions, refused to conduct and failed to appear for inspections, failed to inform Plaintiffs of requirements to obtain permission to perform time-sensitive construction tasks ordered by the County, and refused and delayed meetings.[2] (Dkt. No. 57 at 2, 5, 6, 8.) In 2014, the County required Plaintiffs to reopen building permits originally issued in 2008 for one of the lots

---

[1] Many of Plaintiffs' factual allegations in response to the County's summary judgment motion are time-barred. (*See* Dkt. No. 57 at 2–11.) The Court will not consider this evidence.

[2] Plaintiffs present no dates for these events, merely indicating that they occurred before and after 2013. (Dkt. No. 57 at 5.) As such, it is impossible for the Court to discern the frequency of their occurrence. Viewing the evidence in the light most favorable to the nonmoving party—as is appropriate on summary judgment—the Court assumes at least one occurrence of each complained of event during the relevant period.

purchased in 2009 and to make engineering changes not required under the 2008 permit. (*Id.* at 8.) The County also required Plaintiffs to obtain other permits that "were unnecessary and should not have been required." (*Id.*) In 2014, the County issued a Stop Work Order on the Project that Plaintiffs describe as unlawful and required Lot A to undergo a second round of State Environmental Policy Act ("SEPA") hearings, despite having completed SEPA hearings years before. (*Id*. at 2, 8.) In June 2017, Plaintiffs were subject to an unfairly harsh final inspection where the County inspector measured every step in a house until he found one $1/8^{th}$ of an inch out of compliance, despite the County having approved an identical house without incident the year before. (Dkt. No. 57 at 6.) In 2015 and 2017, DPER delayed approval of permits for houses and a retaining wall, changing requirements during the process. (*Id*. at 9) An engineer who took over the project in May 2016 also testified that since he started, the County has lost plans, failed to perform inspections, provided unfair scrutiny during inspections, issued baseless stop work orders, and required Plaintiffs to re-do work already inspected and approved. (Dkt. No. 57 at 10.)

Based on these facts, Plaintiffs assert the following federal and state causes of action: (1) violations of 42 U.S.C. section 1983; (2) unlawful discrimination; (3) intentional interference with business relations; (4) negligence; and (5) violations of Washington Revised Code chapter 64.40. (Dkt. No. 57 at 1.) Plaintiffs concede that promissory estoppel and negligent misrepresentation claims pled in their complaint are time-barred in total. (Dkt. No. 57 at fn 1.)

## II. DISCUSSION

### A. The County's Motion to Strike

The County asks the Court to exclude portions of testimony from County employee Fred White as inadmissible hearsay. (Dkt. Nos. 59 at 2, 55-5 at 3.) The Court does not find this evidence relevant to the motion at hand and will not make an admissibility determination.

### B. Summary Judgment Standard

The Court shall grant summary judgment if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). In making this determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

  **C.** **Analysis of Federal Claims**

    1. <u>Section 1983 Due Process Claim</u>

Local governments can be held liable under 42 U.S.C. section 1983 only for actions pursuant to official policy; they cannot be held liable under a theory of *respondeat superior*. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978); *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992). There are three alternative routes to establishing municipal liability for employee actions under section 1983. First, a plaintiff may show an official with "final policy-making authority" committed the tort. *Gillette*, 979 F.2d at 1347. Second, a plaintiff may prove that an official with final policy-making authority ratified an employee's unconstitutional decision and the basis for it. *Id*. Finally, a plaintiff may prove employees acted under an official policy or a "longstanding practice or custom." *Id*. Even viewing the evidence in the light most favorable to Plaintiffs as the non-moving party, they fail to establish local government liability under any theory.

  First, Plaintiffs argue they were subject to "misconduct . . . perpetrated either directly by or with the knowledge and consent [of] DPER managers." (Dkt. No. 57 at 19.) Plaintiffs do not present evidence of any direct tortious action by an official with "final policy-making authority."

Furthermore, Plaintiffs misstate the standard for a claim based on ratification, which requires them to prove that an official policymaker made an "affirmative" and "deliberate choice . . . to follow a particular course of action." *Gillette*, 979 F.2d at 1348. Plaintiffs present evidence that Jim Chan, the current interim Director of DPER, "is familiar with the [P]roject," that he has worked with Plaintiffs and supervised staff working on the Project, and that as DPER Deputy Director, he received a report from an employee that Plaintiffs were being treated unequally. (Dkt No. 57 at 4, 19.) Even if Plaintiffs had shown that under Washington law Mr. Chan was an "official policymaker" for the purposes of section 1983[3]—which they have not—they present no evidence of affirmative ratification of unequal treatment against Plaintiffs. "Simply going along with discretionary decisions made by one's subordinates . . . is not a delegation . . . of the authority to make policy." *Gillette*, 979 at 1349. Plaintiffs cannot establish County liability under a direct action or ratification theory.

In the alternative, Plaintiffs argue that their evidence shows a "pattern or practice of actionable misconduct." (Dkt. No. 57 at 19.) Again, Plaintiffs misrepresent the legal standard. To prevail on a "policy, custom, or practice" theory, Plaintiffs must show conduct that reflects practices "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691.

Plaintiffs fail to show any County policy established through custom or usage. They present evidence of actions pertaining to their project amounting to years of "unfair treatment and misconduct." (Dkt. No. 57 at 19.) For the purposes of summary judgment, the Court must assume that County actions amounted to wrongful conduct. *See Anderson*, 477 U.S. at 255. However such actions—even if numerous—do not alone amount to County custom. In *Culbertson v. Lykos*, plaintiffs alleged multiple incidents of misconduct by multiple county employees in a very public retaliation campaign, but the Fifth Circuit found that these allegations

---

[3] Whether an official has "final policy-making authority" is a question of state law. *Gillette*, 979 F.2d at 1346.

ORDER
C16-0822-JCC
PAGE - 5

fell short of showing the County had a "'persistent, widespread practice' of retaliation," because claims were "limited to events surrounding the plaintiffs." 790 F.3d 608, 628–29 (5th Cir. 2015). Similarly here, Plaintiffs offer "no evidence that similar [unfair treatment] [has] victimized others." *Id*. Instead, Plaintiffs describe "isolated and sporadic incidents" specific to Plaintiffs' project and not sufficient to support liability. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Because the Court finds that as a matter of law Plaintiffs have failed to establish County liability under section 1983, it need not reach the other elements of Plaintiffs' claim. The Court GRANTS summary judgment on Plaintiffs' section 1983 claim.

### 2. Unlawful Discrimination

Plaintiffs' complaint alleges that the County "was required by state and federal law to refrain from taking or refusing to take action for unlawfully discriminatory purposes." (Dkt. No. 1-2 at 10.) Plaintiffs' pleadings do not further specify a basis for the federal claim. (*Id*.) Furthermore, their response to the County's motion for summary judgment states only facts and argument to support a state claim, and does not even mention the federal discrimination claim. (*See* Dkt. No. 57 at 16–18.) The Court thus GRANTS summary judgement on Plaintiffs' federal unlawful discrimination claim.

## III. REMAND

The Court's grant of summary judgment on Plaintiffs' section 1983 claim and federal unlawful discrimination claim eliminates the only causes of action over which this Court had original jurisdiction. (*See* Dkt. No. 1 at 2.) The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. 28 U.S.C. § 1367(c)(3).

A district court's decision on whether to exercise supplemental jurisdiction "after dismissing every claim over which it had original jurisdiction" is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Court's decision to remand is consistent with the Supreme Court's conclusion that "in the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered under the pendant

jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The Court refrains from ruling on the County's motion for summary judgment as to Plaintiffs' state law claims, preserving these claims for adjudication in the appropriate state court.

## IV. CONCLUSION

For the foregoing reasons, the County's motion for summary judgment (Dkt. No. 44) is GRANTED in part. Summary judgment on Plaintiffs' section 1983 and federal unlawful discrimination claims is GRANTED. The Court declines to rule on Plaintiffs' state law claims and DIRECTS the Clerk to REMAND this case to the Superior Court for King County. The Court also DIRECTS the Clerk to transmit a certified copy of this order to the clerk of the Superior Court for King County.

DATED this 19th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE